Aryan YESSAYAN, individually and on behalf of all others similarly situated, Plaintiff—Appellant,

v.

FEDEX GROUND PACKAGE SYSTEM, INC., Defendant— Appellee.

No. 07–55855.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Nov. 25, 2008.

William F. Salle, Esq., Glendale, CA, Steven G. Pearl, Esq., Encino, CA, Lionel Z. Glancy, Esq., Marc L. Godino, Esq., Glancy Binkow & Goldberg LLP, Los Angeles, CA, for Plaintiff-Appellant.

Robert M. Schwartz, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, Michael T. Sansbury, Esq., Spotswood Sansom & Sansbury LLC, Emily J. Tidmore, Esq., Robert K. Spotswood, Esq., Kenneth D. Sansom, Esq., Birmingham, AL, Chris A. Hollinger, Esq., O'Melveny & Myers, LLP, San Francisco, CA, for Defendant-Appellee.

Before: GRABER and CLIFTON, Circuit Judges, and TRAGER,** District Judge.

## MEMORANDUM ***

Plaintiff Aryan Yessayan appeals the summary judgment entered in favor of Defendant FedEx. We affirm.

We have jurisdiction because Plaintiff's appeal was timely. It was filed within 30

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

days after the district court's judgment was entered on the civil docket.

The district court did not err in holding that FedEx was not Plaintiff's dual employer. Under the California Supreme Court's dual employment test in *Kowalski v. Shell Oil Co.*, 23 Cal.3d 168, 151 Cal. Rptr. 671, 588 P.2d 811 (1979), the "paramount" consideration is whether FedEx had the "right to control and direct the activities of the alleged employee or the manner and method in which the work is performed, whether exercised or not." *Id.*, 151 Cal.Rptr. 671, 588 P.2d at 815–16 (internal quotation marks omitted). Other factors to be considered are who has the power to discharge a worker, who pays wages, what is the nature of the services, whether the work is part of the employer's regular business, what is the duration of the employment period, and who supplies the work tools. *Id.*, 151 Cal.Rptr. 671, 588 P.2d at 816–17.

Even viewing the facts in the light most favorable to Plaintiff, it is clear that Torossian, and not FedEx, had substantial control over Plaintiff's work activities. In light of this fact, the uniform and grooming rules promulgated by FedEx are insignificant. The other *Kowalski* factors, on balance, also weigh in favor of FedEx.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.